UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **FLOYD L. WILLIAMSON,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**SECRETARY OF VETERAN** )<br>**AFFAIRS and DEPARTMENT OF** )<br>**VETERAN AFFAIRS,** )<br>)<br>**Defendants.** | Civil Action Number<br>**5:15-cv-00806-AKK** |

### MEMORANDUM OPINION

Floyd L. Williamson, a United States Marine Corps veteran, is one of the many veterans who is dissatisfied with the medical treatment provided to him by the Department of Veterans Affairs (the "VA"). As a result Mr. Williamson maintains that the VA has failed to comply with 38 U.S.C. § 101 et seq., 38 C.F.R. § 1 et seq., 31 C.F.R. § 17, and 31 U.S.C. § 3716. Specifically, Mr. Williamson alleges that the Secretary of Veterans Affairs has improperly administered his treatment and claims by improperly: using an administrative offset process with respect to his medical care, maintaining his service medical and dental records, managing his oncology care, administering medical co-payments, administering his travel reimbursement claims, classifying his medical care, and administering

1

his disability claims. Doc. 1. Mr. Williamson also alleges violations of due process. *Id*. The VA moves to dismiss this complaint, and to the extent any claims survive, for summary judgment. Doc. 5. The motion is fully briefed, docs. 9 and 10, and ripe for review. For the reasons stated more fully below, in particular, because Mr. Williamson has failed to use the VA's internal complaint procedures, the Motion to Dismiss is **GRANTED**.[1]

## I.   FACTUAL BACKGROUND[2]

Mr. Williamson served in the United States Marine Corps from May 1968 until his honorable discharge in May 1974. During his service, Mr. Williamson was exposed to several toxic substances including Agent Orange, experimental dental fillings, and contaminated groundwater at Camp Lejeune. In May 2006, Mr. Williamson applied to the VA unsuccessfully for service-connected dental care. Six years later, Mr. Williamson was diagnosed with prostate cancer. He entered active treatment for his cancer managed by the VA in July 2012 and accumulated co-pays until he completed treatment in January 2013. At that point, Mr. Williamson filed a claim for disability with the VA, in which he included all of his

---

[1] The motion is set forth as a motion to dismiss or, in the alternative, for summary judgment. Because the motion is not supported by a submission of evidence, the court construes the motion as one to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), which require that a court dismiss the action if it determines at any time it lacks subject matter jurisdiction.

[2] For the purposes of Fed. R. Civ. P. 12(b)(1), the plaintiff's allegations are presumed true. As such, the facts are taken from the Plaintiff's Complaint, doc. 1.

medical bills from his cancer treatment, travel expenses connected to his cancer treatment, and the previously rejected dental claim from 2006. Doc. 1 at 9. On March 23, 2014, the VA issued Mr. Williamson a disability package for the six month period following the end of his cancer treatment (February 2013 through July 31, 2013) that rated Mr. Williamson at 0% disability effective August 1, 2013. The VA made no decision on the claim for travel costs reimbursement. The VA's finding meant, however, that Mr. Williamson was obligated to pay the co-pays that are at issue in this litigation. Almost two years later, Mr. Williamson filed five new applications for disability and health care for his service related issues and a formal protest of the zero disability rating he received in 2013 for the prostate cancer and other side effects. On April 15, 2015, Mr. Williamson received a letter from the Department of the Treasury informing him that it intended to reduce his social security payment to collect the delinquent debt he owed to the VA for the unpaid co-pays.

Mr. Williamson contends that his illnesses are service related and that the VA is required to pay for all co-pays relating to his cancer treatments, his service-related dental work, and to reimburse his travel to and from medical appointments. Mr. Williamson also alleges that the VA is not permitted to authorize the Treasury Department to withhold his social security benefits without following the proper procedures. In his demands for relief, he asks the court to halt the Treasury's debt

collection from his social security benefits, and to have the VA reclassify his disability rating for both his cancer treatments and dental work, and to reconcile or waive the outstanding medical debts and unpaid co-pays.

## II.  STANDARD OF REVIEW

Article III courts are courts of limited jurisdiction and can only hear claims for which they are authorized to do so. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Palmore v. United States*, 411 U.S. 389 (1973). Therefore, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 975 (11th Cir. 2005); 28 U.S.C. § 1331. Where a court lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255 (11th Cir. 2000). The burden of establishing jurisdiction, then, rests on the pleader who must "affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short plain statement of the grounds upon which the court's jurisdiction depends.'" *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

A motion to dismiss filed under Fed. R. Civ. P. 12(b)(1) may be based upon either a facial or factual challenge to the complaint. *McElmurray v. Consolidated Gov't of Augusta-Richmond Cty,* 501 F.3d 1244 (11th Cir. 2007). Where the

challenge is facial, the court must merely "see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). On a facial challenge, the district court has the power to dismiss for lack of subject matter jurisdiction on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the courts resolution of undisputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). By contrast, where the challenge is factual, the existence of subject matter jurisdiction is considered irrespective of the pleadings, "and matters outside the pleadings, such as testimony and affidavits are considered." *Id. (citing Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

### III.  ANALYSIS

Relevant here, the motion to dismiss is based on the VA's contentions that this court lacks subject-matter jurisdiction to hear these claims. Doc. 5. In a nutshell, the VA argues that the gravamen of Mr. Williamson's complaint concerns his opposition to the denial of benefits under a program administered by the VA and therefore, this court lacks subject matter jurisdiction to hear his claims. The court agrees with the VA.

Where a party challenges subject-matter jurisdiction, the plaintiff, in this case Mr. Williamson, bears the burden of establishing that jurisdiction exists. *Majd-Pour v. Georgiana Cmty. Hosp., Inc.,* 724 F.2d 901, 902 (11th Cir. 1984). To do so, Mr. Williamson must assert facts that "affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Mr. Williamson cannot meet his burden in this case.

In 1988, Congress passed the Veterans' Judicial Review Act, with the intent of creating "an opportunity for veterans to challenge VA benefits decisions, but also to assign exclusive jurisdiction over their claims to a centralized system comprised of the BVA [Board of Veterans Appeals], the newly established CVA [Court of Veterans Appeals], and the federal circuit." *Beamon v. Brown*, 125 F.3d 965, 972 (6th Cir. 1997). The statute explicitly reserves to the Secretary of Veterans Affairs the exclusive authority to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans […]." 38 U.S.C. § 511; *see also*, *Price v. United States.*, 228 F.3d 420 (D.C. Cir. 2000). For those like Mr. Williamson who seek to challenge a decision made by the VA, the statute specifically outlines the appeals process: a claimant must first appeal any action to the Board of Veteran

Appeals, 38 U.S.C. § 7104, then to the United States Court of Appeals for Veterans Claims, § 7252, and ultimately the Federal Circuit[3], § 7251. Significantly, none of these appeal steps involves this court. In fact, it is well established that 38 U.S.C. § 511 precludes judicial review of determination of VA benefits outside of the aforementioned structure. 38 U.S.C. § 511(a) ("[T]he decision of the Secretary […] may not be reviewed […] by any court."); *Slater v. United States.*, 175 F. App'x 300, 305 n. 2 (11th Cir. 2006) ("We have no jurisdiction over any decision of law or fact necessary to the provision of benefits by the Secretary to veterans or the dependents or survivors of benefits."); *Anderson v. Veterans Administration*, 559 F.2d 935 (5th Cir. 1977); *Karmatzis v. Hamilton*, 553 F. App'x 617, 618 (7th Cir. 2014) ("The circuits unanimously agree that the VJRA divests the federal courts of jurisdiction to review lawsuits challenging individual veteran's benefits decisions."); *Shaw v. Hood*, No. 7:14-cv-00389, 2014 WL 5148493, at *2 (N.D. Ala. October 14, 2014)("In general, review of decision made in the context of an individual veteran's VA proceedings are beyond the jurisdiction of federal courts outside the review scheme established by the [Veterans Judicial Review Act].")(internal citations omitted); *Bell v. United States*, No. 1:12-cv-75-MHT-WC, 2012 WL 1599272, at *2 (M.D. Ala. April 13, 2012); *Reeves v. Veterans Admin.*, No. 12-0006-KD-N, 2012 WL 2064505, at *4 (S.D. Ala. May 22, 2012).

---

[3] Because Mr. Williamson is pro se and may not be familiar with these terms, the court adds that it is a district court in the Eleventh Circuit (comprised of federal courts in Alabama, Georgia, and Florida) and that the Federal Circuit is based in Washington, D.C.

Consequently, for an action taken by the VA to fall under judicial review outside of the process defined by Congress, a plaintiff must present a challenge to the constitutionality of an Act of Congress or an agency rule that would fall under the scope of 5 U.S.C. § 552. *See*, *e.g.*, *Traynor v. Turnage,* 485 U.S. 535 (1988); *Devine v. Cleland*, 616 F. 2d 1080 (9th Cir. 1980); *In re Guardianship and Conservatorship of Blunt*, 358 F. Supp. 2d 882 (D.N.D. 2005). However, it is the substance of the claims not the style that determines whether a court has jurisdiction as "the statutory bar to judicial review may not be circumvented by characterizing what are in essence challenges to VA benefits determinations in constitutional terms." *Cheves v. Dep't of Veterans Affairs*, 227 F. Supp. 2d 1237, 1246 (M.D. Fla. 2002); *Zuspann v. Brown*, 60 F.3d 1156 (5th Cir. 1995); *see also, Pappanikoloaou v. Adm'r of Veterans Admin.*, 762 F.2d 8 (2d Cir. 1985).

Here, Mr. Williamson has alleged various administrative and due process claims concerning the VA's processing of his disability claims. However, the purported violation of due process centers simply on his dissatisfaction with the way the VA has handled his medical claims. In fact, although he couches his claims in constitutional language, it is clear that Mr. Williamson is simply seeking the receipt of benefits. Indeed, he wants this court to find that the Secretary erred in its classification of his illnesses and determination of his benefits award, and his demands for relief include reversing denials of benefits, reclassifying his status,

and reviewing the amounts of his co-pay. Doc. 1 at 28–34. Unfortunately for Mr. Williamson, because the essence of these demands is clearly for the court to review and reverse determinations of benefits made by the VA, his case is outside of this court's jurisdiction. *See*, 38 U.S.C. § 511; *Vietnam Veterans of America v. Shinseki*, 599 F.3d 654, 656 (D.C. Cir. 2010) ("Congress has divested other federal courts of authority to review certain decisions relating to benefits. […] Congress, moreover, specified that challenges to VA regulations may only be brought in the Federal Circuit.").

In rejecting Mr. Williamson's lawsuit, the court states that Mr. Williamson is correct that 5 U.S.C. § 706(1) requires a reviewing court to compel agency action where the agency unlawfully withheld or unreasonably delayed that action. This provision does not help Mr. Williamson, however, because § 706 applies to agency actions for which "there is no other adequate remedy in a court." 5 U.S.C. § 704. In contrast, decisions made by the VA may be subject to judicial review, specifically the U.S. Court of Appeals for Veterans Claims and the Federal Circuit. 38 U.S.C. § 7261; s*ee also*, *Reeves*, 2012 WL 2064505 at *3 ("The CVA has the authority to issue writs [….], and to 'compel action of the secretary unlawfully withheld or delayed.'"); *Beamon*, 125 F.3d at 974 ("Whether these procedures cause unlawful or unconstitutional delays in the administration of veterans benefits

are questions within the exclusive jurisdiction of the BVA, the CVA, and the Court of Appeals for the Federal Circuit.").

The court is mindful that Mr. Williamson is a *pro se* plaintiff and as such is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, […], and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citations omitted). However, his complaint fails to show any plausible legal authority upon which *this* court can determine that it has the authority to review VA determinations of benefits and thereby exercise jurisdiction over his claims. In fact, as Mr. Williamson notes in his complaint, the only Article III court that can review appeals from the VA is the Federal Circuit. Doc. 1 at 26. Ultimately, Congress has vested jurisdiction for judicial review of VA decisions exclusively with the United States Court of Appeals for Veterans Claims and the Federal Circuit. *Hall v. U.S. Dep't of Veterans Affairs*, 85 F.3d 532, 534 (11th Cir. 1996); *Slater v. U.S. Dep't of Veteran Affairs*, No. 6:08-cv-160-Orl-22GJK, 2008 WL 977225, at *4 (M.D. Fla. April 9, 2008) ("[…] judicial scrutiny is available as set forth in the VJRA or exclusively in the Federal Circuit Court of Appeals."). Mr. Williamson, therefore, is free to

pursue his claims with these courts. He simply cannot do so in this court which does not have jurisdiction to hear them.

## CONCLUSION

Accordingly, for the foregoing reasons, Mr. Williamson's claims are **DISMISSED** for lack of subject-matter jurisdiction. A dismissal for lack of subject matter jurisdiction is "not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1231 (11th Cir. 2008). A separate order in accordance with the memorandum of decision with be entered.

**DONE** the 13th day of October, 2015.

                                             _____
                                             **ABDUL K. KALLON**
                                             UNITED STATES DISTRICT JUDGE